UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BARNSTORM RESOURCES, LLC, | § | CASE NO. 22-60246 |
| | § | |
| DEBTOR. | § | |
| | § | |
| BARNSTORM RESOURCES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. _____ |
| | § | |
| TWO SISTERS, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Barnstorm Resources, LLC, debtor, debtor in possession, and Plaintiff herein ("Barnstorm" or the "Plaintiff") files this *Plaintiff's Original Complaint* (the "Complaint") against Two Sisters, LLC ("Two Sisters") and in support thereof would show to the Court the following.

**I. INTRODUCTION**

1. This is an action to reverse a foreclosure sale conducted in violation of the automatic stay.

**II. JURISDICTION AND VENUE**

2. This Court possesses jurisdiction over this action under 28 U.S.C. §§ 157 and 1334.

3. This action constitutes a core proceeding under 28 U.S.C. §§ 157(d).

4. Venue is proper under 28 U.S.C. §§1408 and 1409.

5. The Court has constitutional authority to decide this Motion under *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

### III. PARTIES

6. Plaintiff is Barnstorm Resources, LLC ("Barnstorm") a Texas limited liability corporation and the debtor in the underlying bankruptcy case. Barnstorm may receive notice by and through the undersigned.

7. Defendant Two Sisters, LLC is a Texas limited liability corporation. Two Sisters may be served with summons and/or citation (as applicable) and other service of process at the address(es) appearing below.

| | |
|---|---|
| Two Sisters, LLC<br>Lucy W. Knight – Registered Agent<br>104 South Commerce Street<br>Lockhart, TX 78644 | Two Sisters, LLC<br>c/o Jeff P. Prostok<br>FORSHEY & PROSTOK, LLP<br>777 Main Street, Suite 1550<br>Fort Worth, TX 76102 |

### IV. FACTUAL BACKGROUND

**The identity and background of the Debtors and Debtors in Possession.**

8. Barnstorm, which is based on Longview, Texas, is the rightful owner and operator of various producing mineral properties situated in Johnson County, Texas.

**The Commencement of the Bankruptcy Cases.**

9. On June 7, 2022 (the "Petition Date"), Barnstorm commenced the above-captioned Chapter 11 case by filing a voluntary petition.

10. Barnstorm commenced this case to stop the foreclosure of the Subject Mineral Properties (as defined below) by the first lien holder and following the exhaustion of attempts to delay foreclosure in order to potentially resolve the first lien indebtedness.

**Background related to the Two Sisters.**

11. On or about September 29, 2021, the Debtor and others entered into a contact with Two Sisters for the acquisition of certain mineral properties in Johnson County, Texas as

referenced and described in the table below (collectively, the "Subject Mineral Properties"), for the price of $700,000.

| SUBJECT MINERAL PROPERTIES |
| --- |
| Donna Ray Well No. 1H, API #42-251-33238 |
| Donna Ray Well No. 2H, API #42-251-33683 |
| Donna Ray Well No. 3H, API #42-251-33684 |
| Donna Ray Well No. 4H, API #42-251-33685 |
| Donna Ray East Well No. 1H, API #42-251-33237 |
| Donna Ray East Well No. 2H, API #42-251-33664 |
| Donna Ray East Well No. 3H, API #42-251-33665 |

12.     The payment terms of the purchase and sale transaction between Two Sisters and the Debtor was structured and/or documented as a note and deed of trust.

13.     As of the Petition Date, the balance of the Two Sisters note was in the approximate amount of $700,000.00.

14.     In addition to being the holder of the Deed of Trust, Two Sisters also is the current owner and holder of a Judgment Lien originally obtained by New Tex Trucking LLC. As of the Petition Date, the balance of the judgment lien was in the approximate amount of $177,189.38.

**Void foreclosure sale on June 7, 2022.**

15.     On or about June 7, 2022, Two Sisters purported to foreclose the Deed of Trust lien and/or the Judgment Lien with respect to the Subject Mineral Properties.

16.     Two Sisters credit bid and become the grantee on the Substitute Trustee's Deed.

17.     Specifically, Two Sisters purports to have called, read, conducted, and concluded the entire foreclosure sale between 10:00 am and 10:02 am on June 7, 2022, and before the Chapter 11 petition was docketed at 10:04 a.m. or 10:05 a.m.

18.     On June 9, 2022, Two Sisters recorded a Substitute Trustee's Deed (OPR # 20447, Johnson County, Texas) with respect to the Subject Mineral Properties.

19. Notice of the filing of the case was transmitted to Two Sisters simultaneously with the filing of the Chapter 11 petition.

20. It is inconceivable that a proper sale under the Deed of Trust and/or the Judgment Lien could have been conducted between 10:00 a.m. and 10:02 a.m. on June 7, 2022, or even through and until 10:05 a.m.

21. Accordingly, the purported foreclosure sale violated the automatic stay of 11 U.S.C. §362(a) and is void and otherwise was not a properly conducted sale.

22. Two Sisters and Plaintiff were negotiating a settlement of various disputes on the morning of June 7, 2022 prior to the purported foreclosure sale.

## V.  CAUSES OF ACTION

23. Barnstorm incorporates each of the foregoing paragraphs of this pleading into each claim and/or cause of action set forth below.

**Count 1 — Violation of Automatic Stay of 11 U.S.C. §362.**

24. Two Sisters violated the automatic stay by conducting the purported foreclosure sale of the Subject Mineral Properties and by conducting the sale and/or recording the Substitute Trustee's Deed.

25. Accordingly, Plaintiff respectfully requests that the Court void the Substitute Trustee's Deed and restore title to the Subject Mineral Properties to the Debtor as a violation of the automatic stay under 11 U.S.C. §362(a).

**Count 2 — Invalid Foreclosure Sale and Wrongful Foreclosure.**

26. The timing of the purported foreclosure sale as reported by Two Sisters indicates that a proper sale did not take place on June 7, 2022 under the requirements of the Deed of Trust and/or the Texas Property Code.

27. Accordingly, Plaintiff respectfully requests that the Court void the Substitute Trustee's Deed and restore title to the Subject Mineral Properties to the Debtor as a violation of the Deed of Trust and/or Texas Property Code.

**Count 3 — Invalid Foreclosure Sale and Wrongful Foreclosure.**

28. The timing of the purported foreclosure sale as reported by Two Sisters indicates that a proper sale did not take place on June 7, 2022 under the requirements of the Deed of Trust and/or the Texas Property Code.

29. Accordingly, Plaintiff respectfully requests that the Court void the Substitute Trustee's Deed and restore title to the Subject Mineral Properties to the Debtor as a breach of the Deed of Trust and thus as a breach of contract.

**Count 4 — Trespass to Try Title.**

30. The timing of the purported foreclosure sale as reported by Two Sisters indicates that a proper sale did not take place on June 7, 2022 under the requirements of the Deed of Trust and/or the Texas Property Code, and violated the automatic stay of 11 U.S.C. §362.

31. Plaintiff is entitled to superior title to the Subject Mineral Properties, which title is now infringed by Two Sisters and the Substitute Trustee's Deed.

32. Accordingly, Plaintiff respectfully requests that the Court enter judgment that Plaintiff holds superior title to the Subject Mineral Properties superior to any interest of Two Sisters under the Deed of Trust and/or the Judgment Lien.

**Count 5 — Declaratory Judgment.**

33. Based upon all of the foregoing, Plaintiff respectfully requests that the Court enter a declaratory judgment that

    a. The purported foreclosure sale violated the automatic stay of 11 U.S.C. §362(a);

    b.    The purported foreclosure sale violated the Deed of Trust and/or Texas Property Code;

    c.    The Substitute Trustee's Deed is void.

    d.    Plaintiff is entitled to and/or holds title to the Subject Mineral Properties superior to any interest of Two Sisters.

**Count 6 — Attorneys' fees and expenses of representation.**

34. Plaintiff Barnstorm retained the law firm of Weycer, Kaplan, Pulaski & Zuber, P.C. to represent Plaintiff Barnstorm in connection with its claims against Defendants and has agreed to pay for such reasonable and necessary legal services.

35. Plaintiff Barnstorm is also entitled to and is seeking to recover all attorneys fees and costs of court incurred to prosecute this action, as well as pre-judgment and post-judgment interest at the maximum rate as permitted by law.

## VI.  CONCLUSION AND PRAYER

WHEREFORE, Barnstorm Resources, LLC, debtor, debtor in possession, and Plaintiff, respectfully requests that Two Sisters, LLC, Defendant, be cited to appear and answer, and that the Court enter judgment that:

1. The purported foreclosure sale violated the automatic stay of 11 U.S.C. §362(a);

2. The purported foreclosure sale violated the Deed of Trust and/or Texas Property Code;

3. The Substitute Trustee's Deed is void;

4. Plaintiff is entitled to and/or holds title to the Subject Mineral Properties superior to any interest of Two Sisters; and

5. Plaintiff is entitled to attorneys fees and expenses in an amount determined by the Court.

Plaintiff respectfully requests such other and further relief to which Plaintiff is entitled at law or in equity.

Dated: January 18, 2023

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Jeff Carruth*
   JEFF CARRUTH (TX SBN:. 24001846)
   3030 Matlock Rd., Suite 201
   Arlington, Texas 76105
   Telephone: (713) 341-1158
   Fax: (866) 666-5322
   E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
BARNSTORM RESOURCES, LLC, PLAINTIFF,
DEBTOR AND DEBTOR IN POSSESSION